UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAI DENG,

Plaintiff,

v. Case No: 8:26-cv-02008-JLB-GDP

BLADEN COMMUNITY COLLEGE,

Defendant.
_____________________________________/

**ORDER**

Plaintiff Kai Deng, proceeding *pro se*, sues his former employer, Defendant Bladen Community College ("Bladen"), for Title VII, Family and Medical Leave Act ("FMLA"), and breach-of-contract claims, arising from Bladen's removal and termination of Plaintiff from a full-time mathematics faculty position at the college. (Doc. 6).

Bladen moves to dismiss or, in the alternative, for this case to be transferred to the United States District Court for the Eastern District of North Carolina. (Doc. 10). Plaintiff filed a response. (Doc. 13). After careful review, the Court concludes that Bladen's motion to transfer is due to be **GRANTED**.

## LEGAL STANDARD

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "It is the movant's burden to persuade the court that a transfer should be granted." *Perlman v. Delisfort-Theodule*, 451 F. App'x 846, 848 (11th Cir. 2012) (citations omitted). "[T]he decision whether to transfer a case is left to the sound discretion of the district court and is reviewable only for an abuse of that discretion." *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982). In determining whether a transfer is appropriate, courts generally consider several factors. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005).

Importantly, "venue must be proper for each claim." *C.M. v. Noem*, 796 F. Supp. 3d 1198, 1227 (M.D. Fla. 2025). And a more specific venue statute controls over the general venue statute, 28 U.S.C. § 1391. *Atlantic Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55 n.2 (2013). Therefore, a court should transfer a case to another jurisdiction where venue for any of the plaintiff's claims would not exist in the present district court. *See* 28 U.S.C. § 1404(a) (permitting a court to transfer a case to any district where it "might have been brought"); *Harvard v. Inch*, 408 F. Supp. 3d 1255, 1260 (N.D. Fla. 2019). In reviewing a motion to transfer venue, a district court also has the authority to make factual

findings necessary to resolve the motion. *See Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008).

**DISCUSSION**

This case is due to be transferred because venue does not exist within this judicial district pursuant to Title VII's venue statute, 42 U.S.C. § 2000e-5(f)(3).

The general federal venue statute, 28 U.S.C. § 1391, provides in relevant part that a civil action may be brought in a judicial district in which any defendant resides or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. However, Title VII's more specific venue statute, 42 U.S.C. § 2000e-5(f)(3) provides that:

> [A]n action may be brought [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . .

42 U.S.C. § 2000e-5(f)(3). "The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions . . . ." *Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006). Accordingly, the Court must transfer the case if venue is not proper within this district. *See Atlantic Marine Const. Co.*, 571 U.S. at 55 n.2

Here, venue is not proper within this judicial district under section 2000e-5(f)(3) because none of the three grounds for venue is satisfied.

Most critically, as Bladen notes (Doc. 10 at 22–23), the alleged "unlawful employment practice" took place in North Carolina, not Florida, because that is

where all of Bladen's management personnel and decisionmakers reside. (Doc. 10-2 at ¶¶ 13–14). "[W]here a plaintiff is located physically when [he] receives notice of termination is irrelevant [to Title VII venue] because Section 2000e-5(f)(3) focuses on the state where the unlawful practice was committed." *Sardinas v. CRST Expedited, Inc.*, No. 1:19-cv-20530-KMW, 2019 WL 13255943, at *3 (S.D. Fla. Nov. 25, 2019) (citation omitted). Accordingly, even if Bladen authorized Plaintiff to complete his end-of-semester duties from Sarasota, Florida, as Plaintiff alleges (Doc. 6 at ¶ 18), that is irrelevant to determining where Bladen's employment actions took place.

There appears to be no dispute between the parties regarding the second and third possible grounds for venue. (*See* Docs. 10, 13). Bladen administers its employment records relevant to its practices from Dublin, North Carolina, where Bladen is located. (Doc. 10-2 at ¶ 15). This location lies within the jurisdiction of the United States District Court for the Eastern District of North Carolina. *See* E.D.N.C. Loc. R. 40.1(b). Furthermore, had Plaintiff not been terminated, he would have continued teaching in-person classes at Bladen in Dublin, North Carolina (Doc. 10-2 at ¶ 17), which means that the third possible ground for venue under section 2000e-5(f)(3) also is not satisfied as to the United States District Court for the Middle District of Florida. *See* 42 U.S.C. § 2000e-5(f)(3) (prescribing that a Title VII employment action may be brought "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice").

Consequently, Title VII venue is improper within this judicial district pursuant to 42 U.S.C. § 2000e-5(f)(3). Instead, venue would be proper within the United States District Court for the Eastern District of North Carolina, making transfer pursuant to 28 U.S.C. § 1404(a) appropriate.

Accordingly, it is **ORDERED** that:

1. Defendant Bladen Community College's Motion to Dismiss Plaintiff's Amended Complaint or Transfer Venue (Doc. 10) is **GRANTED in part**, as to Bladen Community College's request that the Court transfer this case to the United States District Court for the Eastern District of North Carolina. The Court defers to the assigned United States District Judge in the Eastern District of North Carolina as to any further relief sought by Defendant Bladen Community College's Motion. To be clear, this Court has expressed no opinion as to the merits of the arguments set forth in Defendant's Motion to Dismiss.
2. The Clerk of Court is **DIRECTED** to transfer this action to the United States District Court for the Eastern District of North Carolina.
3. Upon transfer, the Clerk of Court is **DIRECTED** to terminate any deadlines and close the Tampa Division file.

**ORDERED** in Tampa, Florida, on November 16, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE